**Mark Bradford (MB 6002)**
**MARK BRADFORD, PC**
**299 12th Street**
**Brooklyn, New York 11215-4903**
**Telephone: (347) 413-3287**
**mb@markbradfordpc.com**

**Cara R. Burns (CB 1071) (PHV to be requested)**
**MIMS, KAPLAN, BURNS & GARRETSON**
**28202 Cabot Road, Ste 300**
**Laguna Niguel, California 92677**
**Telephone: (310) 314-1721**
**Facsimile: (310) 314-1725**
**cburns@hmkblawyers.com**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

_____x

| | |
|---|---|
| **MERCH TRAFFIC, LLC,** | **CIVIL ACTION NO. 1:23-cv-2459** |
| **Plaintiff,** | **COMPLAINT FOR TRADEMARK INFRINGEMENT AND LANHAM ACT VIOLATIONS** |
| v. | |
| **JOHN DOES 1-100, JANE DOES 1-100 AND XYZ COMPANY,** | |
| **Defendants.** | |

_____ x

Plaintiff Merch Traffic, LLC, by its attorneys, files this complaint against defendants, alleging as follows:

### JURISDICTION AND VENUE

1. This action arises under the Lanham Trademark Act 15 U.S.C. §§ 1051 et seq. (the "Lanham Act"). Accordingly, this Court has federal question jurisdiction over the subject matter of this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1338(a), (b). Venue in this district is proper under 28 U.S.C. § 1391(b).

1

## PARTIES

2. Merch Traffic, LLC ("Plaintiff") is a Delaware Limited Liability Corporation with its principal place of business in Los Angeles, California.

3. Defendants John Does 1-100, Jane Does 1-100 and XYZ Company who are sued herein under fictitious names because their true names and capacities are unknown at this time. This complaint will be amended when their true names and capacities are ascertained.

4. Upon information and belief, the individual defendants and XYZ Company through its agents, servants and employees, will be present in and about the Southern District of New York in connection with the claims asserted below and are or will be subject to the jurisdiction of this Court.

5. Defendants, and each of them, are individuals and business entities who, upon information and belief, act in concert and active participation with each other in committing the wrongful acts alleged herein. Defendants John Does 1-100, Jane Does 1-100, and XYZ Company are hereinafter referred to collectively as "Defendants."

## THE BACKGROUND OF THE ACTION

6. Plaintiff is engaged in the manufacture, distribution and sale of various types of merchandise sold and distributed at concerts and at retail stores of musical performers, including but not limited to T-shirts, jerseys, sweatshirts, hats, buttons, posters and tour books, (collectively "Merchandise") which contain the trademarks, service marks, likenesses, logos and other indicia of musical performers.

7. "**BRUCE SPRINGSTEEN & THE E STREET BAND**" including "**BRUCE SPRINGSTEEN**" and "**E STREET BAND**" (collectively, the "Group") are the trademarks used by this group of musical performers in connection with their performing, recording, merchandising

and other related goods and services in all aspects of the entertainment industry and to distinguish them from all other such performers. The Group has used their trademarks in connection with their goods and services for over 50 years and has sold over 70 million units of recordings in the United States, and have performed for millions of fans throughout the United States.

8. "**BRUCE SPRINGSTEEN & THE E STREET BAND**" is a federally registered trademark: Registration No. 1697409 for use in connection with International Class ("IC") 41, entertainment services and IC 009 sound and video recordings. Also federally registered are the trademarks "**BRUCE SPRINGSTEEN**" Registration No. 4454482 for use in connection with IC 025 clothing, IC 16 paper products, and other goods and services, and "**E STREET BAND**" Registration No. 4465269 for use in connection with: IC 025 clothing, IC 016 paper products and other goods and services. All three trademarks are incontestable.

9. Pursuant to an agreement between the Group and Plaintiff (the "Agreement"), Plaintiff possesses the exclusive right to utilize all federally registered trademarks, service marks, likenesses, logos and other indicia of the Group (collectively, the "Group's Trademarks") on and in connection with tour Merchandise ("Authorized Tour Merchandise") sold and offered for sale in the vicinity of the Group's United States tour (the "Tour").

10. The Group has used the Group's Trademarks to identify officially authorized goods and services in interstate commerce and to distinguish his marks from those of others by, among other things, prominently displaying the Group's Trademarks on the Authorized Tour Merchandise, such as T-shirts, jackets, and other apparel and goods.

11. The Group has a decidedly strong and loyal following among those who attend popular music concerts and record buyers. The Group has appeared in concerts at major arenas

and stadiums in the United States, which have been attended by millions of popular music enthusiasts.

12. As a result of the foregoing, each of the Group's Trademarks has developed and now possesses secondary and distinctive meaning to purchasers of Authorized Tour Merchandise. Plaintiff and the Group annually realize substantial income from the sale of the Authorized Tour Merchandise bearing the Group's Trademarks.

13. On Saturday, April 1, 2023, at Madison Square Garden in New York, New York, the Group will perform (the "Concert") and thereafter throughout the United States. Authorized Tour Merchandise bearing any or all of the Group's Trademarks will be sold throughout the United States in connection with the Tour, including at the Concert.

## **DEFENDANTS' UNLAWFUL CONDUCT**

14. Defendants will sell and distribute unauthorized, infringing T-shirts, jerseys, caps and/or other merchandise bearing any or all of the Group's Trademarks (the "Infringing Merchandise") before, during and after the at Concert and its vicinity, and thereafter at subsequent concerts during the Tour. The tour has begun and so have Defendants' infringing activities – namely selling Infringing Merchandise.

15. The Infringing Merchandise is of the same general appearance as Plaintiff's Authorized Tour Merchandise and is likely to cause confusion among prospective purchasers. Defendants' Infringing Merchandise is not authorized by the Group or Plaintiff. The Infringing Merchandise sold by Defendants is generally of inferior quality.

16. The manufacture, distribution and sale of Infringing Merchandise is likely to injure the reputation of the Group which has developed by virtue of their public performances and the reputation for high quality associated with Plaintiff and its Authorized Tour Merchandise.

17. The aforesaid acts by Defendants and others are likely to cause the purchasing public to believe that the sale and distribution of such Infringing Merchandise is authorized, sponsored or approved by the Group and/or Plaintiff and that such Infringing Merchandise is subject to the same quality control and regulation required by the Group and/or Plaintiff, despite the fact that this is not true.  It also injures the Group and Plaintiff in that Defendants do not have to pay any royalty for these unlawful sales.

18. The aforesaid manufacture, distribution and sale of Infringing Merchandise bearing the any or all of the Group's Trademarks constitutes a false designation of the source of origin of such goods and falsely describes and represents such merchandise.  The use by Defendants and others of the Group's Trademark also constitutes an attempt to palm off and appropriate to themselves the Group's and Plaintiff's exclusive rights therein.

19. Upon information and belief, Defendants and others have and will continue to engage in such infringing activities in this State and elsewhere in interstate commerce and are likely to continue such activities throughout the Tour, to the great injury of Plaintiff and the Group.

20. Plaintiff has no adequate remedy at law and will suffer irreparable harm and damage as a result of the aforesaid acts, in an amount presently incalculable.

## FIRST CLAIM FOR RELIEF
### (Infringement of Registered Trademark)

21. Plaintiff realleges each allegation set forth in the paragraphs above.

22. By reason of the foregoing, Plaintiff hereby asserts a claim against Defendants for injunctive and monetary relief pursuant to 15 U.S.C. § 1114(b) with respect to Defendants' infringement of the registered mark.

## SECOND CLAIM FOR RELIEF
### (Violation of the Lanham Act)

23.     Plaintiff realleges each allegation set forth in the paragraphs above.

24.     By reason of the foregoing, Plaintiff hereby asserts a claim against Defendants for injunctive and monetary relief pursuant to Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), with regards to the false designation of origin and false descriptions and representations in commerce of Defendants' Infringing Merchandise.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff, Merch Traffic, LLC seeks relief against Defendants as follows:

A.     As to All Claims For Relief, that Defendants, their agents, servants, employees, officers, attorneys, successors and assigns, and all persons acting in concert with them, be enjoined in this and all other districts in the United States, preliminarily during the course of this litigation and permanently from: 1) manufacturing, distributing, selling, offering for sale, holding for sale or advertising any products, merchandise or goods bearing the trademarks, service marks, likenesses, logos and other indicia of the Group or any colorable variation or imitation thereof; and 2) representing that any products, merchandise or goods manufactured, distributed, sold, held for sale or advertised by them is sponsored or authorized by Plaintiff in this district or in any other district in which Plaintiff seeks to enforce this Court's injunction order.

B.     As to All Claims For Relief, that this Court order the United States Marshal, the local and state police or sheriff, off duty officers of the same, authorized agents of Plaintiff, and/or any persons acting under their supervision to seize and impound any and all Infringing Merchandise which the Defendants attempt to sell, distribute or hold for sale at within or in the vicinity of the Group's concerts on the Tour, including whether this occurs before, during or after the concerts.

6

  C. That Defendants deliver up for destruction any and all Infringing Merchandise.

  D. As to All Claims For Relief, that Defendants pay to Plaintiff damages in an amount to be determined.

  E. As to All Claims For Relief, that Plaintiff be awarded its costs, attorney's fees and such other and further relief as the Court deems to be just and proper.

Dated: March 23, 2023      Respectfully submitted,

             By: /s/ Mark Bradford
             Mark Bradford (MB 6002)
             Mark Bradford, PC
             299 12th Street
             Brooklyn, New York 11215-4903
             Tel: (347) 413-3287
             mb@markbradfordpc.com

             Cara R. Burns (CB 1071)(PHV to be requested)
             Mims, Kaplan, Burns & Garretson
             28202 Cabot Road, Ste 300
             Laguna Niguel, CA 92677
             Tel: (310) 314-1721/Fax: (310) 314-1725
             cburns@hmkblawyers,com

             Attorneys for Plaintiff